**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DERRICK WILSON,<br>Plaintiff,<br>v.<br>SELECT PORTFOLIO SERVICING, INC.,<br>Defendant. | Civil Action No. 26-1586 (MAS) (RLS)<br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Select Portfolio Servicing, Inc.'s ("Defendant") Motion to Dismiss (ECF No. 10) *pro se* Plaintiff Derrick Wilson's ("Plaintiff") Amended Bill in Equity, which the Court refers to as the Amended Complaint (ECF No. 5). Plaintiff opposed (ECF No. 11), and Defendant replied (ECF No. 18). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, Defendant's Motion to Dismiss is granted.

Plaintiff is a citizen of the state of New Jersey. (Am. Compl. *1, ECF No. 5.)[1] Defendant is a corporation that is incorporated in the state of Utah with a primary place of business in Salt Lake City, Utah. (*Id.*) Plaintiff seeks an accounting of the "custodial administration of identified trust property (the res) placed into administration under the Private Express Trust Indenture [(the 'Indenture')] and thereafter held and administered by [Defendant] during its period of custodial

[1] Page numbers preceded by an asterisk refer to the page numbers noted in the ECF header. References to the Amended Complaint will be made by ECF page number and, if applicable, paragraph, *e.g.*, "*1" or "*1 ¶ 1."

control." (*Id.*) Plaintiff asserts that Defendant "exercised servicing administration of the res, commencing around June 1, 2020[,] and concluding upon receipt of payoff on April 30, 2022." (*Id.* at *1 ¶ 2.) Defendant "simultaneously administered the financial structure through which proceeds derived from that instrument were allocated and enforced the payment obligation arising from it." (*Id.* at *1 ¶ 1.) Plaintiff received "only periodic payment statements during the custodial period" (*id.* at *2 ¶ 3), and Defendant failed to disclose "[i]nternal waterfall allocation records, securitization remittance reports, and related financial data maintained by [Defendant]" (*id.*). Plaintiff seeks relief in the form of "a full equitable accounting of the res under the Indenture." (*Id.* at *3.)

Under Federal Rule of Civil Procedure 12(b)(1)[2], a defendant may move to dismiss a matter for lack of subject-matter jurisdiction. *Wongus v. Corr. Emergency Response Team*, 389 F. Supp. 3d 294, 298 (E.D. Pa. 2019). "[I]t is the plaintiff who bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted); *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject[-]matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject-matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A district court has to first determine . . . whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the

[2] All references to "Rule" or Rules" hereafter refer to the Federal Rules of Civil Procedure.

pleading must be reviewed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citation omitted). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("The facial attack does offer similar safeguards to the plaintiff [as a Rule 12(b)(6) motion]: the court must consider the allegations of the complaint as true."). The Court, under a facial attack, "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject[-]matter jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008) (citations omitted).

Defendant argues that dismissal under Rule 12(b)(1) is appropriate[3] because, while the parties are diverse, the Amended Complaint "seeks only equitable relief (*i.e.*, an accounting) and pleads no actual damages" and otherwise only "states in conclusory fashion that the damages in this matter exceed $75,000."[4] (Def.'s Moving Br. 3-4, ECF No. 10-1.) In opposition, Plaintiff argues that "[t]he object of this litigation is the stated and settled account of the *res* that [Defendant] admittedly administered from April 2020 through April 2022, . . . [and] [t]he value of that account plainly exceeds $75,000[.]" (Pl.'s Opp'n Br. 9, ECF No. 11.)

[3] Where, such as here, a defendant files a motion to dismiss pursuant to Rule 12(b)(1) prior to filing an answer, it is considered a facial attack. *Aichele*, 757 F.3d at 358 (explaining that a defendant's motion was a "facial attack" because defendant "filed the attack before it filed any answer to the [c]omplaint or otherwise presented competing facts"); *Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("[T]he Third Circuit's recent cases suggest that only facial attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed." (citations omitted)).

[4] Plaintiff's claims do not assert a federal question. (*See generally* Am. Compl.) As a result, the Court must consider whether it has diversity jurisdiction. *See* 28 U.S.C. § 1332.

"[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). Plaintiff cannot satisfy the amount in controversy requirement here, as he alleges only claims based in equity and does not seek monetary damages.[5] (*See* Am. Compl. *3); *Michaels v. Vickers*, 477 F. App'x 871, 872 (3d Cir. 2012) (affirming dismissal of complaint where district court found it lacked jurisdiction on diversity grounds because "[plaintiff] failed to demonstrate the requisite jurisdictional amount in controversy, as his claims were based in equity and he sought no money damages"). The Court, therefore, does not have subject-matter jurisdiction and finds that dismissal of the Amended Complaint is warranted pursuant to Rule 12(b)(1).[6]

Based on the foregoing,

**IT IS**, on this 28th day of July 2026, **ORDERED** as follows:

1. Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED.**
2. Plaintiff's Amended Complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE.**
3. The Clerk shall close this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

[5] Moreover, even if Plaintiff was seeking monetary damages, his general assertion that "[t]he amount in controversy exceeds $75,000" (Am Compl. *1) is too conclusory in nature to adequately allege the amount in controversy requirement. *See Polimeda v. Outdoorsy, Inc.*, No. 24-6727, 2025 WL 892978, at *6 (D.N.J. Mar. 24, 2025) (granting a motion to dismiss for lack of subject-matter jurisdiction and finding allegation that "the amount in controversy is more than $75,000" to be "wholly conclusory" and insufficient).

[6] Because the Court lacks subject-matter jurisdiction, it does not reach Defendant's argument that dismissal is appropriate for failure to state a claim pursuant to Rule 12(b)(6). (*See generally* Def.'s Moving Br.)